## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JIMMIE L. MILLER,
                Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
AT-3330-15-0721-I-1

DATE: July 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jimmie L. Miller</u>, Memphis, Tennessee, pro se.

<u>Bradley Flippin</u>, Esquire, Nashville, Tennessee, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2       The appellant is a preference-eligible veteran who, since October 7, 2012, has held a GS-0640-03 Health Aid position with the agency's Veterans Affairs (VA) Medical Center in Memphis, Tennessee. Initial Appeal File (IAF), Tab 5 at 6-7, Tab 6, Subtab 2h.[2] The appellant applied for the GS-0621-05 Certified Nursing Assistant (CNA) position under Job Announcement Number RZ-14-JF-1208427-BU, which the agency held open from September 18 through October 1, 2014. IAF, Tab 6, Subtabs 2u, 2x. The CNA position was advertised under the full performance level as a GS-05, which required either (1) "[o]ne year of progressively responsible assignments and experience equivalent to the GS-4 level" and demonstrated knowledge, skills, and abilities (KSAs) or (2) possession of a bachelor's degree and demonstrated KSAs. *Id.*, Subtab 2u at 4. The

---

[2] The position description for the GS-0640-03 Health Aid position alternatively refers to the position as "Escort" and states that an incumbent's "duties and responsibilities are as an escort of patients from one point to another within the facility." IAF, Tab 18 at 2-6. Here, the titles "Health Aid" and "Escort" have been used interchangeably by the parties and in the record. For the purpose of consistency, we have used the position title of "Health Aid" in this decision.

VA Handbook 5005/71 states that, for experience to be creditable for the grade requirements of the CNA position, "the experience must have required the use of [KSAs] associated with the current practice" and "CNA experience must be documented on the application or [résumé] and verified in an employment reference, or through other independent means." *Id.*, Subtab 2v at 2. The VA Handbook further states that "[p]art-time experience as a CNA is creditable according to its relationship to the full-time workweek." *Id.* The demonstrated KSAs for the GS-05 level of the CNA position include the ability "to assist in the full range of nursing care to patients/residents with physical and/or behavioral problems," "to communicate orally with patients/residents, families, interdisciplinary team and other personnel," and "to recognize and react to emergent patient/resident care situations and intervene while waiting for assistance." *Id.*, Subtab 2u at 4, Subtab 2v at 4.

¶3  Although the appellant did not indicate on his résumé that he possessed a bachelor's degree, he described having relevant CNA experience from September 2012 to December 2013 as a full-time Escort/Health Aid/Sitter/CNA.[3] *Id.*, Subtab 2w. He also represented that he possessed relevant training certifications and skills, including a CNA certification by a state, and he addressed the required KSAs. *Id.* at 3-4. On October 11, 2014, the agency determined that the appellant was entitled to a 10-point veterans' preference due to his compensable disability rating of 30% or more. *Id.*, Subtab 2x.

¶4  After learning of his nonselection for the CNA position on May 14, 2015, the appellant filed a veterans' preference complaint with the Department of Labor (DOL). *Id.*, Subtab 2f. He claimed before DOL that he was well-qualified for the CNA position and that the agency had interviewed him. *Id.*, Subtabs 2d, 2f. In

---

[3] Although the appellant's work experience is not clearly organized in his résumé, we have read it in the light most favorable to him. For example, he also indicated that he worked as a full-time Housekeeper-Aid from September 6, 2013, to a date uncertain. IAF, Tab 6, Subtab 2w at 2.

the agency's correspondence with DOL regarding the appellant's complaint, the agency explained that it initially found him qualified for the CNA position, included him on the certificate of eligibles, and referred him to the selecting official for review of his application and a possible interview. *Id.*, Subtab 2c. The agency further explained that it later determined that he was not qualified for the CNA position at the GS-05 level because he did not possess the required "one year of experience caring for patients, communicating with patients, residents and family members[,] and reacting to emergent patient care situations." *Id.*, Subtab 2e. The agency described how it verified that the appellant held the positions of Health Aid, Laundry Worker, and Housekeeping Aid, but could not find any personnel records to confirm that he held a CNA position, as he claimed in his application.[4] *Id.* Finally, the agency contended that it removed the appellant from the certificate of eligibles to correct its mistake in finding him qualified. *Id.*, Subtab 2c. The DOL ultimately determined that the evidence did not support the appellant's allegation that the agency violated his veterans' preference rights. *Id.*, Subtab 2a.

¶5    The appellant thereafter filed a Board appeal and requested a hearing. IAF, Tab 1 at 1-8. Specifically, he claimed that the agency violated his veterans' preference rights under 5 U.S.C. § 3311(2) by failing to consider his material experience as a GS-03 Health Aid when it evaluated his application. IAF, Tab 1 at 8, Tab 13. The appellant testified during the hearing that the duties of his GS-03 Health Aid position are the same as or similar to those of the CNA position. IAF, Tab 17, Hearing Compact Disc (HCD) (testimony of the appellant). To support his argument, the appellant submitted documentation concerning the redescription of the GS-0640-03 Health Aid position description

---

[4] The record reflects that, from August 1994 to October 2012, the appellant held the part-time positions of Laundry Worker, Housekeeping Aid, and GS-01 Health Aid. IAF, Tab 6, Subtabs 2h-2n. It further reflects that, effective October 7, 2012, he was reassigned to a full-time, GS-03 Health Aid position. *Id.*, Subtab 2h.

in early 2014 and a copy of the U.S Court of Appeals for the Federal Circuit's decision in *Kirkendall v. Department of the Army*, 573 F.3d 1318 (Fed. Cir. 2009).[5]  IAF, Tab 18.  The agency's Human Resources Specialist testified that the agency deemed the appellant unqualified for the GS-05 CNA position because he lacked the required 1 year of experience caring for patients, communicating with patients, residents, and family members, and reacting to emergent patient care situations.  HCD (testimony of Human Resources Specialist).  She further testified that the appellant's experience in the GS-03 Health Aid position was not equivalent to the GS-04 level of the CNA position.  *Id.*

¶6      The administrative judge issued an initial decision denying the appellant's request for corrective action under VEOA.  IAF, Tab 19, Initial Decision (ID) at 2, 6.  She found that the Board has jurisdiction over the VEOA appeal.  ID at 1. However, she concluded that the appellant failed to prove that the agency violated his veterans' preference rights under 5 U.S.C. § 3311(2) or 5 C.F.R. § 302.302(d) by not considering or omitting any of his prior experience when it reviewed his application.  ID at 6.

¶7      The appellant has filed a petition for review reiterating his argument that the agency failed to credit his experience as a GS-03 Health Aid, and he cites *Kirkendall*, 573 F.3d 1318.  Petition for Review (PFR) File, Tab 3 at 3.  He further alleges that some of the selectees for the CNA position are not veterans and requests the Board to obtain the names of the selectees and proof of their veteran status from the agency.  *Id.* at 2-3.  He submits the agency's letter to DOL from below as proof that the agency has made mistakes in the selection process.

---

[5] During the hearing, the appellant quoted from the remarks section regarding grade determination in the Position Evaluation Statement, which states, "Because there are no specific factor levels for [the GS 640 Health Aid and Technician Series], the duties of this position were compared with the [Office of Personnel Management Position Classification Standard] for Nursing Assistant Series (TS-55) dated August 1983.  The duties outlined in the position were determined to be similar to the level of responsibilities outlined in the standard with factor level determinations above."  HCD (testimony of the appellant); IAF, Tab 18 at 7.

*Id.* at 5. The agency has filed a response opposing the appellant's petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board has jurisdiction over the appellant's VEOA appeal.</u>

¶8     A nonselection generally is not an action directly appealable to the Board, but it may be appealable under VEOA. *Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶ 5 (2008), *overruled on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 18. To establish the Board's jurisdiction over a VEOA appeal based on an alleged violation of veterans' preference rights, the appellant must show that he exhausted his remedy with DOL and make nonfrivolous allegations that he is a preference eligible within the meaning of VEOA, the action at issue took place on or after the October 30, 1998 enactment of VEOA, and the agency violated his rights under a statute or regulation relating to veterans' preference. *Lis v. U.S. Postal Service*, 113 M.S.P.R. 415, ¶ 8 (2010); *see* 5 U.S.C. § 3330a. Here, the parties do not dispute the administrative judge's finding that the Board has jurisdiction over this VEOA appeal, and we find no reason to disturb it.[6] ID at 1.

<u>The appellant has failed to prove that the agency violated his veterans' preference rights under VEOA.</u>

¶9     To prevail on the merits of a VEOA appeal involving a veterans' preference claim, the appellant must prove the jurisdictional elements by preponderant evidence. *See Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007) (analyzing the appellant's burden of proving the merits of his VEOA

---

[6] The CNA position for which the appellant applied is an excepted-service position in the Veterans Health Administration (VHA) and is covered by Title 38 of the U.S. Code. IAF, Tab 6, Subtab 2u at 1-2, 5. The Board has held that the veterans' preference requirements in Title 5 apply to appointments made for certain medical positions in the VHA that are described in 38 U.S.C. § 7401(3). *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶¶ 6-9 (2010). Because "nurse assistants" are listed in 38 U.S.C. § 7401(3), we find that an appointment to the CNA position is subject to veterans' preference requirements.

appeal involving a veterans' preference claim), *aff'd on recons*, 109 M.S.P.R. 453 (2008). Here, it is undisputed that the appellant exhausted his remedy with DOL, he is a preference-eligible veteran, and the nonselection took place after October 30, 1998. IAF, Tab 5 at 6-7, Tab 6, Subtabs 2a, 2u. Therefore, the relevant inquiry is whether the appellant has shown that the agency's action violated one or more of his statutory or regulatory veterans' preference rights. *See Isabella*, 106 M.S.P.R. 333, ¶ 22. Although the appellant retains the ultimate burden of proof, the agency has the burden of producing evidence regarding the extent to which it considered the appellant's application because it is the only party with access to such evidence. *Phillips*, 110 M.S.P.R. 184, ¶ 12 n.4.

¶10    As described above, the appellant argued that the agency violated his veterans' preference rights by failing to credit all of his experience relevant to the CNA position, particularly his experience as a GS-03 Health Aid. IAF, Tab 1 at 8, Tab 13; HCD (testimony of the appellant). Under 5 U.S.C. § 3311(2), when "experience is an element of qualification, a preference eligible is entitled to credit . . . for all experience material to the position." Under 5 C.F.R. § 302.302(d), "[w]hen experience is a factor in determining eligibility, an agency shall credit a preference eligible . . . with all valuable experience." Thus, 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) are a statute and a regulation, respectively, concerning veterans' preference rights. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016).

¶11    Here, because the appellant did not satisfy the educational requirement for the GS-05 level of the CNA position, he had to show 1 year of "progressively responsible assignments and experience equivalent to the GS-4 level" and demonstrate the professional KSAs to be qualified for the position. IAF, Tab 6, Subtab 2u at 4. It appears that the agency did not make a determination that the appellant was not qualified until after he filed a complaint with DOL. The record is undeveloped on why exactly he was not selected from the certificate forwarded

to the selecting official or how the agency accounted for his veterans' preference, if at all, in referring his application to the selecting official. However, VEOA does not enable veterans to be considered for positions for which they are not qualified. *Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, ¶ 9 (2000); *see Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (citing *Ramsey* for the same proposition).[7]

¶12    For the following reasons, we agree with the administrative judge's finding that the appellant did not meet his burden of proving that the agency failed to credit any of his relevant experience in violation of 5 U.S.C. § 3311(2) or 5 C.F.R. § 302.302(d). ID at 6. The agency explained in its letter to DOL that it verified that the appellant held the positions of Health Aid, Laundry Worker, and Housekeeping Aid but that it determined that he did not meet the experience requirement. IAF, Tab 6, Subtab 2e. In addition, the agency's Human Resources Specialist testified that the appellant's experience in the GS-03 Health Aid position was not equivalent to the GS-04 level of the CNA position. HCD (testimony of Human Resources Specialist). Although the agency acknowledged that it initially found the appellant qualified for the CNA position, we find that the agency's correspondence with DOL and the testimony of the Human Resources Specialist adequately explain why it ultimately determined that he was not qualified. IAF, Tab 6, Subtabs 2c, 2e; HCD (testimony of Human Resources Specialist); *cf. Russell v. Department of Health and Human Services*, 120 M.S.P.R. 42, ¶¶ 5, 11, 13-14 (2013) (remanding a compliance proceeding for the agency to explain its apparent change in its assessment of a preference-eligible applicant's qualifications when it initially found him qualified

---

[7] In *Lazaro*, the court remanded the appellant's VEOA appeal for the Board to determine whether his "other valuable experience was considered in accordance with 5 C.F.R. § 302.302(d)" when the agency determined that he was unqualified for a position. 666 F.3d at 1319, 1321. The instant appeal is distinguishable from *Lazaro* because, as discussed below, we agree with the administrative judge's finding that the appellant failed to prove that the agency violated 5 C.F.R. § 302.302(d). ID at 6.

for the applied-for position, but it later found him not qualified after the Board ordered the agency to reconstruct the selection process).

¶13    We further find that the appellant's assertion that he was qualified because his duties as a GS-03 Health Aid were similar to the duties of a CNA and his reference to the agency's multiple mistakes in the selection process fail to rebut the agency's evidence that it evaluated all of his valuable experience when it determined that he was not qualified.  IAF, Tab 1 at 8, Tab 13; HCD (testimony of the appellant); *see Miller*, 818 F.3d at 1367 ("Although the MSPB does not reevaluate the weight the agency accorded to a veteran's experience, the MSPB's jurisdiction extends to determining whether the agency actually evaluated 'experience material to the position,' as required by 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d).").    Moreover, we find that the instant appeal is distinguishable from *Kirkendall*, 573 F.3d at 1324-25, in which the court found that the agency violated a preference-eligible applicant's right to credit for all material experience under 5 U.S.C. § 3311(2) when it "simply ignored" his experience listed in military documents because it was not repeated on a two-page application form.  In contrast, the appellant here did not meet his burden of showing that the agency ignored or failed to credit any of his material experience.

¶14    In his petition for review, the appellant reiterates his arguments regarding the agency's mistakes in the selection process and his Health-Aid experience, and he cites *Kirkendall*, 573 F.3d 1318.  PFR File, Tab 3.  As discussed above, these arguments, without more, fail to prove that the agency violated his veterans' preference rights under 5 U.S.C. § 3311(2) or 5 C.F.R. § 302.302(d).  In addition, the appellant claims that some of the selectees under the vacancy announcement are not veterans, and he requests the Board to order the agency to provide documentation on the selectees.  PFR File, Tab 3 at 2-3.  We find that his claim does not provide a reason to disturb the initial decision because it is not material to the relevant issue of whether the agency properly credited all of his valuable experience, and we decline his request.  *See Ramsey*, 87 M.S.P.R. 98, ¶ 9.

¶15     Finally, we note that the administrative judge cited to *Miller*, 121 M.S.P.R. 88, ¶ 12, for the proposition that "[t]he Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy."  ID at 6.  Although the court affirmed the Board's decision in *Miller*, the court found that the Board erred in so limiting its review.  *Miller*, 818 F.3d at 1366 ("[N]ot only must the MSPB determine whether the experience record was complete, but it must also assess whether that record was adequately considered by the agency.").  However, we find that the appellant's substantive rights have not been harmed by citing to that erroneous proposition because the administrative judge correctly determined in the instant appeal whether the experience record was complete and whether the agency considered his experience material to the CNA position.  ID at 5-6; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶16     Accordingly, we affirm the administrative judge's denial of the appellant's request for corrective action under VEOA.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD:               /s/ for
                             _____
                             Jennifer Everling
                             Acting Clerk of the Board
Washington, D.C.